NC7KSMIP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                              23 CR 99 (LJL)

5  SEAN SMITH,

6                                          Plea
               Defendant.
7  ------------------------------x

8
                                          New York, N.Y.
9                                          December 7, 2023
                                          3:45 p.m.
10

11 Before:

12                    HON. LEWIS J. LIMAN,

13                                          District Judge

14                        APPEARANCES

15 DAMIAN WILLIAMS
        United States Attorney for the
16      Southern District of New York
   NI QIAN
17      Assistant United States Attorney

18 ANDREW PATEL
        Attorney for Defendant
19

20

21

22

23

24

25

NC7KSMIP

1          (Case called)

2          MS. QIAN:  Good afternoon, your Honor.  Ni Qian, for

3     the government.

4          THE COURT:  Good afternoon.

5          MR. PATEL:  Good afternoon, your Honor.  Andrew Patel,

6     for Mr. Smith, who's seated next to me.

7          THE COURT:  Good afternoon, Mr. Patel and Mr. Smith.

8          I understand, Mr. Patel, you've got an application?

9          MR. PATEL:  That is correct, your Honor.  At this

10    time, my client is asking to withdraw his previously entered

11    plea of not guilty and enter a plea of guilty to Count One of

12    the indictment in satisfaction of all charges.

13         THE COURT:  I understand that's pursuant to the plea

14    agreement dated November 2nd, 2023; is that correct?

15         MR. PATEL:  That is correct, your Honor.

16         THE COURT:  Okay.

17         Mr. Smith, I understand that we're here because you

18    wish to plead guilty to Count One of the indictment, 23 CR 99;

19    is that correct?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Before I accept your guilty plea, sir, I'm

22    going to ask you certain questions so that I can establish to

23    my satisfaction that you know what you are giving up by

24    pleading guilty, and that you wish to plead guilty because you

25    are guilty and not for some other reason.

NC7KSMIP

1              If you do not understand any of my questions, or if

2      you want to consult with your lawyer at any time, for any

3      reason, just let me know, and I will give you as much time to

4      do that because it is essential, in order to have a valid plea,

5      that you understand each of my questions before you answer.

6              Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Mr. Fishman, would you please swear

9      Mr. Smith.

10             (Defendant sworn)

11             THE COURT:  Mr. Smith, you're now under oath, which

12     means that if you answer any of my questions falsely, you may

13     be prosecuted for the separate crime of perjury.  Do you

14     understand that?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  What is your full name?

17             THE DEFENDANT:  Sean Xavier Smith.

18             THE COURT:  How old are you, Mr. Smith?

19             THE DEFENDANT:  Thirty-three.

20             THE COURT:  How far did you go in school?

21             THE DEFENDANT:  Eleventh grade.

22             THE COURT:  Where was that?

23             THE DEFENDANT:  In the Bronx.

24             THE COURT:  Have you ever been treated or hospitalized

25     for any mental illness?

NC7KSMIP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  What was that?  And when was that?

3          THE DEFENDANT:  Probably when I was 14 or 15.

4          THE COURT:  Okay.

5          Do you recall what that was for?

6          THE DEFENDANT:  I had ADHD.

7          THE COURT:  Okay.

8          Have you been under the care of a doctor or

9  psychiatrist for that purpose, for that sickness, at all?

10          THE DEFENDANT:  No.

11          THE COURT:  Are you now, or have you recently been,

12  under the care of a doctor or a psychiatrist?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Have you ever been treated or hospitalized

15  for any type of addiction, including drug or alcohol addiction?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Have you taken any drugs, medicine, or

18  pills or drunk any alcoholic beverages in the past two days?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Is your mind clear today?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand what is happening today?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Mr. Patel, do you have any doubt as to the

25  defendant's competence to plead at this time?

NC7KSMIP

1              MR. PATEL:  No, your Honor.

2              THE COURT:  Does the government have any doubt as to

3      the defendant's competence to plead at this time?

4              MS. QIAN:  No, your Honor.

5              THE COURT:  On the basis of Mr. Smith's answers to my

6      questions, my observations of his demeanor here in court today,

7      and the representations of counsel, I find that the defendant,

8      Mr. Smith, is fully competent to enter an informed plea of

9      guilty at this time.

10             Now, Mr. Smith, have you received a copy of the

11     indictment containing the charge against you?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Did you read it?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Have you had enough of a chance to discuss

16     with your lawyer the charge to which you intend to plead guilty

17     and any possible defenses to that charge?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Has your lawyer explained to you the

20     consequences of entering a plea of guilty?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Are you satisfied with your lawyer's

23     representation?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  I'm now going to explain to you certain

NC7KSMIP

1    constitutional rights that you have.  These are rights that you

2    will be giving up if you enter a guilty plea.

3            Please listen carefully to what I am about to say.  If

4    you do not understand something, stop me, and your lawyer or I

5    will explain the matter more fully.

6            Under the Constitution and laws of the United States,

7    you have a right to plead not guilty to the charges contained

8    in the indictment.  Do you understand that?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  If you did plead not guilty, you would be

11   entitled to a speedy and public trial by a jury on the charges

12   contained in the indictment.  Do you understand that?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  And, at trial, you would be presumed to be

15   innocent, and the government would be required to prove you

16   guilty by competent evidence beyond a reasonable doubt before

17   you could be found guilty.

18           Do you understand that?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  A jury of 12 people would have to agree

21   unanimously that you were guilty, and you would not have to

22   prove that you were innocent if you were to go to trial.  Do

23   you understand that?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  At that trial, and at every stage of your

NC7KSMIP

```
1    case and the proceedings against you, you would be entitled to

2    be represented by a lawyer, and if you could not afford a

3    lawyer, one would be appointed at public expense, free of cost,

4    to represent you.

5              Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  During a trial, the witnesses for the

8    government would have to come to court and testify in your

9    presence, your lawyer could cross-examine the witnesses for the

10   government, object to evidence offered by the government, and

11   offer evidence on your own behalf if you so desired.  And you

12   would have the right to have subpoenas issued or other process

13   used to compel witnesses to testify in your defense.

14             Do you understand that?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  At a trial, although you would have the

17   right to testify if you chose to do so, you would also have the

18   right not to testify, and if you decided not to testify, no

19   one, including the jury, could draw any inference or suggestion

20   of guilt from the fact that you did not testify.

21             Do you understand that?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Have you had a full opportunity to discuss

24   with Mr. Patel whether there is a basis to seek suppression of

25   some or all of the evidence against you on the grounds that
```

NC7KSMIP

1    your constitutional rights were violated?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Do you understand that by pleading guilty,

4    you are giving up your right to seek suppression of any

5    evidence against you?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  If you were convicted at a trial, you

8    would have the right to appeal that verdict.  Do you understand

9    that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Even now, as you are entering this plea,

12   you have the right to change your mind and plead not guilty and

13   go to trial on the charges contained in the indictment.  Do you

14   understand that?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  If you plead guilty, and if I accept your

17   plea, you will give up your right to a trial and the other

18   rights that I have just discussed with you, other than the

19   right to a lawyer, which you have regardless of whether or not

20   you plead guilty.  But there will be no trial, and I will enter

21   a judgment of guilty and sentence you on the basis of your

22   plea, after I have considered a presentence report prepared by

23   the probation department and whatever submissions I get from

24   your lawyer and the lawyer for the government.  There will be

25   no trial and no appeal with respect to whether you did or did

NC7KSMIP

1    not commit this crime or whether the government could use the

2    evidence it has against you.

3              Do you understand that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  If you plead guilty, you will also have to

6    give up your right not to incriminate yourself because I will

7    ask you questions about what you did in order to satisfy myself

8    that you are guilty as charged in Count One of the indictment,

9    and you will have to admit and acknowledge your guilt.

10             Do you understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Do you understand each and every one of

13   these rights?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Mr. Smith, are you willing to give up your

16   right to a trial and the other rights I have just discussed

17   with you?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Now, let me discuss with you the nature of

20   the charges against you and the possible consequences.

21             Do you understand that you are charged in Count One of

22   the indictment with participating in a RICO conspiracy from at

23   least in or about 2017 through and including in or about

24   February 2023, in violation of 18, U.S.C., Section 1962(d)?

25             THE DEFENDANT:  Yes, sir.

NC7KSMIP

1          THE COURT:  Would the government please state the

2    elements of the offense in question.

3          MS. QIAN:  Yes, your Honor.

4          This crime has three elements:

5          First, that there was an agreement among two or more

6    persons to participate in an enterprise that would affect

7    interstate commerce through a pattern of racketeering activity;

8          Second, that the defendant knowingly and willfully

9    joined the conspiracy, that is, he agreed to be employed by or

10   associated with the conspiracy;

11         And, third, that the defendant agreed that either he

12   or another member of the racketeering conspiracy would commit

13   at least two acts of racketeering.

14         The indictment also alleges a number of categories of

15   crimes which were committed or were intended to be committed as

16   part of the racketeering conspiracy.

17         Would your Honor like me to go through those as well?

18         THE COURT:  Sure.

19         MS. QIAN:  The government alleged that some of the

20   racketeering activities that were committed by the conspiracy

21   were acts involving attempted murder, in violation of New York

22   Penal Law, Sections 125.25, 105.15, 110.00, and 20.00; offenses

23   involving the distribution of controlled substances, including

24   cocaine base in a form commonly known as crack and marijuana,

25   chargeable under Title 21, United States Code, Sections 841 and

NC7KSMIP

1    846; and also acts involving wire fraud, bank fraud, and aiding

2    and abetting those crimes.

3            In addition, the government would also have to prove

4    at trial by a preponderance of the evidence that venue was

5    proper in the Southern District of New York.

6            THE COURT:  Mr. Smith, were you able to follow what

7    the government lawyer had to say?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Do you understand that if you were to go

10   to trial, the government would have to prove all of those

11   elements beyond a reasonable doubt and would have to prove

12   venue in this district by a preponderance of the evidence?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  Now, I'm going to tell you the maximum

15   possible penalty for this crime.  The maximum means the most

16   that could possibly be imposed.  It doesn't mean that that is

17   what you necessarily will receive, but you have to understand

18   that by pleading guilty, you are subjecting yourself, exposing

19   yourself, to the possibility of receiving any combination of

20   punishments up to the maximum I'm about to describe.

21           Do you understand that?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  First, let me tell you about the possible

24   restrictions on your liberty.

25           The maximum term of imprisonment for the crime charged

NC7KSMIP

1    in Count One is 20 years, which could be followed by up to

2    three years of supervised release.  Do you understand that?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Supervised release means that you will be

5    subject to supervision by the probation department.  There will

6    be rules of supervised release that you will have to follow,

7    and if you violate those rules, you can be returned to prison

8    without a jury trial, to serve additional time, with no credit

9    for time served in prison as a result of your sentence, and no

10   credit for any time spent on postrelease supervision.

11           Do you understand that?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  You should also understand that there is

14   no parole in the federal system, and that if you are sentenced

15   to prison, you will not be released early on parole.  There is

16   a limited opportunity to earn credit for good behavior, but you

17   will have to serve at least 85 percent of the time you're

18   sentenced to.

19           Do you understand that?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Now, second, in addition to these

22   restrictions on your liberty, there are financial penalties

23   that are included among the maximum possible punishment.

24           The maximum allowable fine on Count One is $250,000 or

25   twice the gross pecuniary loss to persons other than yourself

NC7KSMIP

1    or twice the gross pecuniary gain from the offense, whichever

2    is greater.

3              In addition, I can order restitution to any person or

4    entity injured as a result of your criminal conduct.

5              I can also order you to forfeit property traceable to

6    the commission of the offense.  And in your plea agreement, you

7    agree that you admit to the forfeiture allegations and agree to

8    forfeit to the United States a sum of money in United States

9    currency traceable to the commission of the offense, namely,

10    racketeering activity and conspiracy, in violation of

11    18, U.S.C., Section 1962.

12              Do you admit to the forfeiture allegation?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  And, finally, I must also order a

15    mandatory special assessment of $100.

16              Do you understand that?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  Do you understand all of these possible

19    maximum financial penalties?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Are you a United States citizen?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Do you understand that as a result of your

24    guilty plea, you may lose certain valuable civil rights, to the

25    extent that you have them or could otherwise obtain them now,

NC7KSMIP

1    such as the right to vote, the right to hold public office, the

2    right to serve on a jury, and the right to possess any kind of

3    a firearm?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Are you serving any other sentence, state

6    or federal, or being prosecuted in state court for any crime?

7              THE DEFENDANT:  No, sir.

8              THE COURT:  Do you understand that if your lawyer or

9    anyone else has attempted to predict for you what your sentence

10   will be, that they could be wrong?  No one — not your lawyers,

11   not the government's lawyer, no one — can give you any

12   assurance of what your sentence will be, since I am going to

13   determine your sentence, and I am not going to do that now.

14   I'm going to wait until I receive the presentence report

15   prepared by the probation department, do my own independent

16   calculations of the sentencing guidelines range, consider it

17   and any possible departures from it, and after receiving

18   submissions from your lawyer and the government lawyer,

19   determine what a reasonable sentence is for you based on the

20   sentencing factors set forth in the statute at 18, U.S.C.,

21   Section 3553(a).

22             Do you understand all of that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Have you discussed those issues with your

25   lawyer?

NC7KSMIP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Even if your sentence is different from

3    what your lawyer or anyone else has told you it might be, even

4    if it's different from what you expect or what's contained in

5    the written plea agreement you've entered into with the

6    government, you will still be bound by your guilty plea and

7    will not be allowed to withdraw your guilty plea.

8          Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Now, I have in front of me — and I am

11    going to mark as Exhibit No. 1 — a plea agreement dated

12    November 2nd, 2023.  It has what purports to be your signature

13    and the signature of your lawyer, as well as the signature of

14    the government lawyer.  In a moment, I'm going to give the plea

15    agreement to my courtroom deputy to show to you.  My question

16    is going to be whether that's your signature on the last page

17    of the agreement and whether you signed it today in the

18    presence of your lawyer.  After the proceedings today are

19    concluded, I'm going to have the agreement provided to the

20    government lawyer and ask the government lawyer to retain it

21    for safekeeping.

22          Mr. Fishman.

23          Do you have Exhibit No. 1, the plea agreement dated

24    November 2nd, in front of you?

25          THE DEFENDANT:  Yes, sir.

NC7KSMIP

1          THE COURT:  Is that your signature on the last page?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Did you sign it today in the presence of

4     your lawyer?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Mr. Fishman, you can collect that, and at

7     the conclusion of today's proceedings, give it to the

8     government.

9          Did you read the plea agreement before you signed it?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Did you discuss it with your lawyer before

12    you signed it?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Did you fully understand your rights and

15    what the agreement said before you signed it?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Now, I'm going to ask you questions about

18    some of the specific provisions of the plea agreement to

19    demonstrate to my satisfaction that you understand the

20    agreement.

21         One of the features of your agreement with the

22    government is that you've agreed on the guidelines range that

23    applies in your case, something called the stipulated

24    guidelines range.

25         Do you understand that?

NC7KSMIP

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  You've agreed that the stipulated

3    guidelines range is 41 to 51 months of imprisonment.  Do you

4    understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  And you've agreed that the applicable fine

7    range is $10,000 to $95,000.  Do you understand that?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Now, do you understand that that agreement

10   is binding on you, and it's binding on the government, but it's

11   not binding on me?  I have my own obligation to determine the

12   correct guidelines range in this case and what the appropriate

13   sentence should be for you in this case.  I'm not saying that I

14   will come up with a range different from the one that you've

15   agreed to with the government, but if I do, then I will not let

16   you withdraw your plea, even if the range I determine is higher

17   than the one you've agreed to with the government.

18           Do you understand all of that?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  Now, in your plea agreement, you've also

21   waived your right to attack or otherwise challenge your

22   conviction or sentence on appeal or collaterally on the grounds

23   that the government failed to provide discovery material,

24   including *Jencks* material, *Brady* material, and impeachment

25   material that has not already been produced.

NC7KSMIP

1          Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  In your plea agreement, you've also waived

4     your right to appeal or otherwise challenge any sentence that

5     is 51 months or below.  In other words, if I sentence you to

6     51 months or anything less than 51 months, you would have no

7     right to appeal or otherwise try to challenge that sentence.

8          Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  You've also agreed to waive and not

11    otherwise challenge any term of supervised release that is

12    three years or less.  Do you understand that?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  You've also waived your right to appeal or

15    otherwise challenge any fine that is less than or equal to

16    $95,000.  Do you understand that?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  You've also waived your right to appeal or

19    otherwise challenge the special assessment of $100.  Do you

20    understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Does the government have any other aspects

23    of the plea agreement they want me to highlight for the

24    defendant?

25         MS. QIAN:  No, your Honor.  Thank you.

NC7KSMIP

1          THE COURT:  Mr. Patel?

2          MR. PATEL:  No.  Thank you, your Honor.

3          THE COURT:  Mr. Smith, does this written plea

4    agreement constitute your complete and total understanding of

5    the entire agreement between you and the government?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Other than what's written in this

8    agreement, has anyone made any promises to you or offered you

9    any inducement to plead guilty or to sign the agreement?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Has anybody threatened you or forced you

12   to plead guilty or to sign the plea agreement?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  Has anyone made a promise to you as to

15   what your sentence will be?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Okay.

18         What I'd like you to do now is explain to me, in your

19   own words and speaking slowly, what it is that you did that

20   makes you believe that you're guilty of the crime charged in

21   Count One of the indictment.

22         THE DEFENDANT:  I was a member of a criminal

23   enterprise known as Sev Side.  As part of my membership in

24   Sev Side, I agreed with others that bank fraud would be

25   committed two or more times.  Specifically, as part of my

NC7KSMIP

1    membership in Sev Side, in 2019, in the Bronx, I possessed a

2    forged check.  At the time I did this, I knew it was wrong and

3    against the law.

4              THE COURT:  So you agreed that what crimes would be

5    committed?

6              THE DEFENDANT:  Bank fraud.

7              THE COURT:  Bank fraud?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Okay.

10             And what was the gang that you were a member of?

11             THE DEFENDANT:  Sev Side.

12             THE COURT:  Okay.  And this took place in the Bronx or

13   in Manhattan?

14             THE DEFENDANT:  In the Bronx.

15             THE COURT:  In the Bronx.

16             And you knew what you were doing was wrong and

17   illegal?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Does the government have any further

20   questions that they wish me to ask?

21             MS. QIAN:  No, your Honor.  Thank you.

22             THE COURT:  Okay.

23             Mr. Patel, do you know of any valid defense that would

24   prevail at trial or any reason why your client should not be

25   permitted to plead guilty?

NC7KSMIP

1          MR. PATEL:  No, your Honor.

2          THE COURT:  Would the government please summarize what

3   its evidence would be if the defendant were to go to trial.

4          MS. QIAN:  Yes.

5          If the defendant were to proceed to trial, the

6   government would seek to introduce the following categories of

7   evidence:

8          Social media videos and photographs and postings by

9   the defendant, as well as coconspirators, in which they posted

10  regarding their participation and membership in the criminal

11  enterprise called Sev Side, and discussing their participation

12  in Sev Side;

13         Social media videos and photographs posted by the

14  defendant where he is attempting to recruit others to commit

15  bank fraud;

16         Social media and videos and photographs posted by

17  codefendants, other members of the Sev Side, which are

18  promoting the defendant's attempts to recruit others to commit

19  bank fraud;

20         Surveillance video from August 2022 depicting the

21  defendant hanging out in the Sev Side territory in possession

22  of a fanny pack with a firearm inside of it, as well as witness

23  testimony regarding the defendant's participation in Sev Side,

24  his agreement with others to commit bank fraud, as well as how

25  Sev Side members often stashed firearms in Sev Side territory

NC7KSMIP

1    so that a gun would be at the ready should they be fired upon

2    by gang rivals.

3           THE COURT:  Mr. Smith, did you hear what the

4    government lawyer said?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  And did you do the things that she said

7    you did?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Mr. Patel, do you agree that there is a

10   sufficient factual predicate for the guilty plea?

11          MR. PATEL:  Yes, your Honor.

12          Just two notes:  Mr. Smith was not involved in the

13   violence, and the way the government described the video is

14   accurate.  Mr. Smith did not bring that fanny pack, he moved it

15   from one location to another when it was hidden under a box.

16   It was a momentary thing.  It was later determined that there

17   was a gun in the fanny pack, but there is nothing in the video

18   that indicates that Mr. Smith had any idea that there was

19   anything of value or a gun in the fanny pack.

20          THE COURT:  But, as I understand it, the allocution

21   does not depend upon, and his guilt does not depend upon, his

22   knowledge of whether there is a firearm in the fanny pack, it

23   depends upon his agreement to participate in the gang and to do

24   so through a pattern of two or more acts, which included bank

25   fraud; is that right?

NC7KSMIP

1          MR. PATEL:  That's absolutely correct, your Honor.

2     And I believe that the allocution is absolutely sufficient to

3     accomplish that goal.

4          THE COURT:  Okay.

5          Do you know of any reason I should not accept your

6     client's plea of guilty?

7          MR. PATEL:  No, your Honor.

8          THE COURT:  Does the government agree that there is a

9     sufficient factual predicate for the guilty plea?

10          MS. QIAN:  Yes, your Honor.

11          THE COURT:  Does the government know of any reason I

12     should not accept the defendant's plea of guilty?

13          MS. QIAN:  No, your Honor.

14          THE COURT:  Okay.

15          Mr. Smith, because you acknowledge that you are, in

16     fact, guilty as charged in Count One of the indictment, because

17     I'm satisfied that you know of your rights, including your

18     right to go to trial, and that you are aware of the

19     consequences of your plea, including the sentence which may be

20     imposed, and because I find that you are knowingly and

21     voluntarily pleading guilty and knowingly and voluntarily

22     agreed to the plea agreement, I accept your guilty plea, and I

23     enter a judgment of guilty on Count One of the indictment.

24          The probation department will want to interview you in

25     connection with the presentence report that it will prepare.

NC7KSMIP

1      Mr. Patel, I assume you wish to be present for any

2  interview in connection with that report?

3      MR. PATEL:  Yes, your Honor.

4      THE COURT:  I order that there be no interview unless

5  counsel is present.

6      Mr. Smith, if you choose to speak to the probation

7  department, make sure that anything that you say to them is

8  truthful and accurate.  I will read the report carefully, and

9  it is important to me in deciding what sentence to impose.  You

10  and your counsel have the right to examine the report and to

11  comment on it at the time of sentencing.

12      I urge you to read it and discuss it with your lawyer

13  before sentencing.  If there are any mistakes in it, point them

14  out to your lawyer so that he can bring them to my attention

15  before sentence.

16      I understand, Mr. Patel, that you wanted a slightly

17  more extended period of time for the sentencing in light of the

18  coming holidays; is that correct?

19      MR. PATEL:  That is correct, your Honor.

20      THE COURT:  Okay.  I think we can accommodate that.

21      April 4th, at 2:00 p.m., Mr. Patel?

22      MR. PATEL:  Thank you very much, your Honor.

23      THE COURT:  Does that work for the government?

24      MS. QIAN:  Yes, your Honor.

25      THE COURT:  All right.  Sentencing will be April 4th,

NC7KSMIP

 1 | at 2:00 p.m.

 2 |        I direct the government to provide the probation

 3 | officer with its factual statement within seven days.

 4 |        Defense counsel must arrange for the defendant to be

 5 | interviewed by the probation department within the next

 6 | two weeks.

 7 |        Mr. Patel, let me refer you to my individual rules and

 8 | practices for criminal cases available on the Court's website,

 9 | which contain some rules regarding sentencing submissions.

10 | Consistent with those rules, the defense submissions are due

11 | two weeks prior to sentencing, the government's submissions are

12 | due one week before sentencing.

13 |        And the defendant will remain in custody pending

14 | sentencing.

15 |        Is there anything further from the government?

16 |        MS. QIAN:  No, your Honor.  Thank you.

17 |        THE COURT:  Mr. Patel?

18 |        MR. PATEL:  No.  Thank you very much, your Honor.

19 |        THE COURT:  Okay.  Thank you, both.  Have a good

20 | holiday season.

21 |        MS. QIAN:  Thank you.

22 |        (Adjourned)

23 |

24 |

25 |